**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| C.A.V-C., | : | |
| Petitioner, | : | |
| v. | : | Case No. 4:26-cv-1187-CDL-AGH<br>28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : | |
| Respondents. | : | |

**ORDER**

On October 15, 2026, the Court dismissed Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241 (ECF Nos. 9, 1). On October 26, 2026, the Court received two filings from Brenda Lizeth Robles Claros, who represents that she is Petitioner's wife. Mot. for Instr. 1, ECF No. 11; Unsigned Mot. for Recons., ECF No. 12. Ms. Claros alleges that she has Petitioner's verbal authorization to "gather documents, prepare materials, and arrange mailing concerning his federal habeas case." Mot. for Instr. 1. She moved the Court for "a reasonable opportunity to cure the missing signature on the accompanying proposed motion." *Id.*

"[An a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The Court agrees with Ms. Claros that she is "not an attorney and [has no] authority to represent [Petitioner] in court or to sign his Rule 60(b)(l) motion on his behalf." Mot. for Instr. 1. Thus, Ms. Claros cannot sign and

file Petitioner's motions on his behalf. Therefore, the motion for instructions (ECF No. 11) is **DENIED**. Petitioner shall file a signed version of the motion for reconsideration (ECF No. 12) within fourteen (14) days. The Clerk is directed to forward a copy of the filed motion for reconsideration (ECF No. 12) to Petitioner for his use in complying with this Order.

**SO ORDERED**, this 3rd day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE